Morning. My name is Lee Warner. I represent the appellant, Dan Jenks, in this case. And I would like to, if possible, reserve two minutes for a rebuttal. Your Honours, at the risk of... You know who you look like? No. You ever see the movie Band of Brothers? I think so. Well, if you saw it, you'd be crazy. It looked like the actor that played Buck Compton's role. I'm going to have to see that again, Your Honour. Buck Compton? Was that his name? Never forget it. He was a DA here. He was a DA after the war at UCLA. I went to UCLA with him. He was a hell of a guy. I see. He passed away last year. I see. And he was a great hero at the Normandy landing. So... I appreciate that. Good friends. Thank you. You're back to ten minutes. You're okay. Thank you. I appreciate that. Your Honours, at the risk of oversimplification, I know there's been a lot of briefing. I know the panel has read everything, but at the risk of oversimplification, I think that there's two themes in this case. There's one by the appellant, and there's one by the respondent. And then there's one by the Supreme Court. That's the travelers' case. Sure, Your Honours. And I would like to address that also. The theme of the appellant is that the lack of subject matter jurisdiction of the San Diego bankruptcy court voids the order for the sale of real property not owned by the debtor or the debtor's estate, and that this order can be collaterally attacked. The respondent's theme, and I may be oversimplifying, is that this appeal is moot because the appellant's ass and oar did not appeal the sale order and obtain a stay of that order. That's, I think, their position. The appellant submits that the jurisdictional issue, particularly applied to the fact of this case, is more fundamental and important. The bankruptcy court's lack of subject matter jurisdiction should override the issue of whether any party appealed and obtained a stay of the sale order. Counsel, we do appreciate that, but travelers pretty well made that decision. You can't collaterally attack a bankruptcy judgment, even if you're talking about subject matter jurisdiction. If you're in privity with someone who was in the proceedings, could have challenged at the time. And I don't – I've read your brief, and I don't see how you get around it. All right. Then I'll go right to the traveler's case. The distinction between travelers in this case, I think, is that the bankruptcy court in that case, it was a very significant issue. There was loads of asbestos claimants. This company was in dire straits, and the asbestos claimants couldn't be paid unless there was a reorganization. And there was an order of reorganization, and in connection with that order of reorganization, there was an injunction issued by the bankruptcy court. Now, the bankruptcy court in that case was, I believe, applying the most important – the important functions of a bankruptcy court, which is marshaling the assets, including rights and insurance policies, using those assets to pay unsecured creditors. And I think the bankruptcy court in that case, there was really no dispute, Your Honors, that the bankruptcy court in that case was well within its authority to approve a plan of reorganization and enjoin the pending actions against insurers so that the assets could be marshaled and unsecured creditors paid off. In contrast, in this case, the San Diego bankruptcy court was not within its authority to issue an order to sell property not owned by the debtor. Now, in the traveler's opinion, you know, they do talk about – the case talks about the rule that even subject matter jurisdiction cannot be collaterally attacked. However, pointed out in my brief, there are exceptions to that rule. And I cited that in my opening brief. Also, Your Honors, at page 153 of the opinion, the traveler's opinion, footnote 6, the Supreme Court cites the restatement of judgments, section 12, which describes three exceptional circumstances in which a collateral attack on subject matter jurisdiction is permitted. One of the grounds was, quote, the subject matter of the action was so plainly beyond the court's jurisdiction that entertaining the action was a manifest abuse of authority, close quote.  In other words, ordering the sale of property not owned by the debtor is a manifest abuse of authority and plainly beyond the court's jurisdiction. Let me ask this question. In this case, the bankruptcy court order approved the sale in June of 2009. Correct. Factually. And then your client's predecessor in interest objected to the order at the time, but later withdrew the objections. Do you agree with that? Yes. So on June 26, 2009, the sale went forward, and the bankruptcy court's order specifically carved out a lien interest. Do you agree with that? I agree. Okay. So isn't this case in similar travelers in that because appellant, meaning your client had an opportunity through its predecessor to challenge the sale order when it was approved by the bankruptcy court, but chose not to do so, doesn't that really preclude the challenge that was launched through the quiet title action? I'll address it this way, Your Honor. Nobody considered, I don't believe anybody considered at the bankruptcy level whether or not the debtor had the property or not, had title of the property. I don't think anybody considered that. But that's not the party's obligation. That's the bankruptcy court's obligation. I mean, there were certainly now the comments two years after the fact, the bankruptcy court is saying, well, yes, this was something that was transferred around, and I believe the debtor had an equitable title. However, the sale was not for the sale of equitable title. The sale was a record title. And that's an important distinction. I think the issue is really federal courts are limited jurisdiction. When you endeavor to sell property, and particularly in this case, Your Honor, look, this was a no-asset case. This was there's no benefit to unsecured creditors as a result of the sale, even if the debtor owned the property, which he did not. The question is why would, why shouldn't this be collaterally attacked? Why should the bankruptcy court be permitted to not question jurisdiction? Because this is fundamental to the jurisdictional authority that the bankruptcy court has. Well, here's what the Supreme Court said after having cited footnote 6. It says, The willingness of the Court of Appeals to entertain this sort of collateral attack cannot be squared with race judicata and the practical necessity served by that rule. It is just as important that there should be a place to end as that there should be a place to begin litigation, and the need for finality forbids a court called upon to enforce a final order to tunnel back for the purposes of reassessing prior jurisdiction de novo. In response to that, Your Honor, the important fact was there was an appeal of the 1986 order by a distributor, and it did question jurisdiction. It didn't question this jurisdictional question, whether or not the bankruptcy court had authority to issue the injunctions in the manner in which they did, but it did, and there was a published opinion, or there was an opinion by the Second Circuit. And that's the reason, that's why the court, that's why the traveler's opinion is so narrow, because there was an appeal on jurisdictional grounds, and it was determined by the Second Circuit that there was jurisdiction. In any event. Before that, they've said, so long as the respondents or those in privity with them were parties to the Manville bankruptcy proceedings and were given a fair chance to challenge the bankruptcy court's subject matter jurisdiction, they cannot challenge it now by resisting enforcement of the 1986 orders. Well, in response to that, my clients, or my client's predecessor, didn't have a fair opportunity to challenge jurisdiction. Why not? Because no one knew that the property was not in the name of the debtor. I mean, it's not incumbent upon the asinore of the appellant to check title. However, it is incumbent upon the bankruptcy court to determine that the property that is being put up for sale for really no good reason is owned by the debtor of the estate. Your Honor, I see my, I'm at 1.31, and I will reserve. Thank you. Good morning, Your Honors. My name is Leigh Borner of Alston and Bird, and I'm here for BP West Coast Products, LLC. With me also is Kevin Broersma, and he is the attorney for United Family, LLC. United Family is the entity that actually bought the property, and then BP later after that transaction went through, loaned United Family and took a deed of trust in that property. I wanted to address any questions that Your Honors might have concerning the 363M and that aspect of finality. Mr. Broersma is going to address the way we split this up, as Mr. Broersma will address anything dealing directly with travelers. I wanted to just kind of tie in from a factual aspect just to clarify what was said a few moments ago. The challenge that Mr. Fielding, the predecessor, as has been called this morning, made was to the actual sale motion. The order was actually never challenged, and in fact, on the order, Mr. Fielding's attorney signed off approving the order both in form and content. The sale procedures were noticed, and the property was ‑‑ it was very clear that they were selling this property, and we addressed in the papers the issue of property of the estate if the court feels so inclined to get so granularly down to whether 541A actually encompasses this property, which, as we've said, it does. Other than that, I think that I will pass to Mr. Broersma, given that it seems that the court wants to talk about travelers. Thank you. Thank you, Your Honors, and may it please the Court. I just wanted to address some of the issues that the appellant brought up. The first issue that he brings up is that the Supreme Court in Travelers says their holding is narrow. Well, yes, the Supreme Court said the holding is narrow. It says that we're not deciding whether or not the bankruptcy courts did or did not have jurisdiction to enter the orders. While the respondents are making the argument that the bankruptcy court did have jurisdiction, we are also making the separate and disjunctive argument that it just doesn't matter, for lack of a better phrase. The jurisdictional issue doesn't matter. As Your Honors have already said, the holding in the Travelers case was that once the order became final, it's res judicata as to any other matter that could be brought up to defeat it so long as the respondents or those in privity to the respondents were party to the bankruptcy and had an opportunity to challenge the order. And that's true whether or not the challenge is subject matter jurisdiction-based or not. And the same factors that existed in the Travelers case to support that decision exist here. We have the privity of the appellant to Fielding, and we have Fielding's express authorization of the sale order. He approved it not only to form but as to content. He signed his name on the order. He agreed to it. And the property was actually desired to be in the estate by Mr. Fielding. And that really addresses this issue of, well, no one knew that the property wasn't in the debtor's name. What difference does that make? It was actually Mr. Fielding who made an attempt to avoid pre-petition transfers of the property. It was his desire to have the property in the estate to satisfy debts. He was accounted for as a secured leaner on the property when the property was sold. So the same application exists here, I would say, in stronger force and effect. The second argument that the appellant makes in his letter brief is that, well, the traveler's case doesn't deal with whether or not the orders would apply to any particular respondents. Well, that's true, but in this case, we're not dealing with an interpretation of the sale order. There's no issue here about an interpretation of the sale order. And certainly I don't think the appellant can make any good faith arguments that there was a due process claim here. I think he's just trying to fit his case into a due process dynamic because that's the only way to win here. But there's just no way to argue that when Mr. Fielding, who is the predecessor of the appellant, agreed to the sale order. Even the dissent in Travelers agrees that you cannot collaterally attack the orders. The dissent said, we just disagree that certain claims brought against Travelers fit within the ambit of those orders, and therefore we disagree. We disagree with the premise, so we disagree with all the conclusions that the Supreme Court held. And I'll just reserve any time for questions. And, Mr. Lerner, on 363 and 541, the property of the estate. Thank you. Thank you. Thank you. Mr. Beck. Sure. Mr. Beck. Thank you. Essentially, the issue is this, I believe. The Supreme Court, there's multiple Supreme Court authorities that say a Federal court, even in the absence of challenge from any party, must determine subject matter jurisdiction in order to proceed. They must raise, the Federal court, the Federal bankruptcy court in this case must raise and decide jurisdictional questions that the parties either overlook or elect not to press. In this case, there wasn't, nothing was brought up. Now, this would be a different case if the bankruptcy court said, okay, there's a question whether I have authority of jurisdiction to act. And if that came up and there was an evidentiary hearing, and the bankruptcy court made a determination, that's one thing. That wasn't what happened here. And in this case, Your Honor, it really is, I understand travelers, there was a need for travelers, there was a need for the bankruptcy court to do what it did in travelers. There was no need for the bankruptcy court to do what it did in this case. No need to sell the property. It didn't result to any benefit to the estate. And I submit, Your Honors, that the travelers' opinion does not, is not dispositive if it was dispositive. I think it would have been cited by the Respondents. It wasn't. And I believe, Your Honors, that the Ninth Circuit is essentially the court of last resort, and the Court should not permit a court like this to ignore its jurisdictional duties. So you're saying if Respondents cite travelers, but it was discovered as applicable, then that really makes a difference? Well, no. No. I'll withdraw that. All right. Thank you. Thank you, Your Honors. Thank you. We did note that they didn't raise it themselves. Thank you. Okay. Thank you. All right. This matter is submitted. The next matter, U.S. v. Sanders-Wax. That's submitted. This is the next matter, Sergio Rodriguez v. Shannon. That's submitted. And Miss Cara Ayala v. Holder is submitted.
judges: Daniel, Pregerson, Fisher